UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THELMA JONES,

    Plaintiff,

v.                                                                   CASE No. 8:06-CV-2170-T-MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER

This is an action seeking judicial review of the Commissioner's decision denying the Plaintiff Social Security disability benefits. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3). Because the ALJ posed an incomplete hypothetical to the vocational expert, the matter is remanded for further administrative proceedings.[1]

    *A.  Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a); 416.920(a). Under this process, the Secretary must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity;

---

[1] The parties consented to my jurisdiction. *See* 28 U.S.C. § 636.

whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience.  A claimant is entitled to benefits only if unable to perform other work.  See *Bowen v. Yuckert*, 482 U.S. 137 (1987); 20 CFR §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this court must ask if substantial evidence supports them.  *Richardson v. Perales*, 402 U.S. 389 (1971).  The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists.  See 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994).  The court may not reweigh the evidence nor substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal.  *Keeton*, supra, at p. 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

    *B. Background*

Plaintiff, who was 49 years old at her last administrative hearing (November 28,

2005), suffers from a score of severe impairments: depression, borderline intellectual functioning, asthma, bronchitis, sinusitis, obesity, sleep apnea, rheumatoid arthritis, fibromyalgia, and hypothyroidism. She last worked in January 2000 as a warehouse worker in a plastics facility (where she suffered an industrial mishap), but has relevant work experience as a mail handler, hotel maid, hospital cleaner, packer, inventory clerk, and sewing machine operator. She has a high school education and attended a bible college for about two years.[2] Married and mother to a young teenage daughter, she says that she can do little around the home due to unrelenting fatigue, pain, and breathing problems.

   *C. Discussion*

   This is the second time the Plaintiff has sought judicial review of an administrative decision by the same ALJ. In the first round, the ALJ found the Plaintiff could not return to her former work, a step four decision. Applying step five of the sequential analysis, and with the assistance of a VE, the ALJ determined she could perform other work in the national economy (telemarketer and appointment clerk) because she possessed the residual functional capacity to perform sedentary work with a sit/stand option in a climate-controlled work environment with limited stress and without exposure to respiratory irritants and temperature extremes. The ALJ, however, based his decision on an incomplete hypothetical that included only the Plaintiff's physical limitations but failed to address her mental limitations: functioning below average

---

   [2] This overstates the Plaintiff's functional education. Her counsel forwarded her high school academic transcript to the ALJ after her last administrative hearing. That record shows she struggled academically and graduated when she was twenty years old.

intellectually (most likely at a borderline range) and recurrent, severe, major depression, with moderate difficulty in social, occupational or school functioning. And the ALJ failed to account for a psychologist's opinion (Dr. Hatton) that Plaintiff suffered moderate limitations in understanding, remembering, and carrying out detailed instructions. *See* R. 206-210. The Court, accordingly, remanded the matter for further administrative proceedings and specifically urged the ALJ to either include the Plaintiff's mental limitations in a hypothetical or explain why it was unnecessary to do so. *See Jones v. Barnhart,* Case No. 8:03-cv-2427-T-TGW (order at doc. 21, pp. 5-9).[3]

In the meantime, the Plaintiff filed additional applications for benefits, which the Commissioner consolidated with the administrative remand. By the next administrative hearing, three years after the first, the Plaintiff's medical history had grown to include fibromyalgia, hypothyroidism, and rheumatoid arthritis. Using a different VE, the ALJ asked the VE to assume the Plaintiff would soon turn fifty, had a high school education with two years of college, and possessed the following work capacity: capable of sedentary to light work with an occasional limitation for working in environments with respiratory irritants and temperature extremes and an occasional limitation for bending, stooping, crouching, kneeling, but capable of performing routine tasks in an environment with only occasional stress. The ALJ then asked if there were any jobs within the

---

[3] The ALJ's hypothetical posed to a vocational expert must comprehensively describe the plaintiff's limitations. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). Of course, the ALJ is not required to include limitations found not credible, and submits to the expert only those supported by objective evidence of record. *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996), *McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987).

hypothetical the Plaintiff could perform (R. 554).  The VE opined she could work as a mail handler (a previous job of the Plaintiff's), ticket checker, lens inserter and information clerk.  *Id.*

This hypothetical essentially mirrored the previous one the Court rejected. Indeed, in the hypothetical three years earlier, as the Plaintiff argues, the ALJ included a sit/stand option.  This latest one did not (*compare* R. 530 with R. 554).  Furthermore, the ALJ, despite the Court's specific instructions on remand, failed to address the Plaintiff's mental limitations or otherwise discount them in his decision.  Indeed, the ALJ had even more reason to include Plaintiff's mental limitations than he did the first time he asked a VE a hypothetical about the work she could do given her residual functional capacity. Unlike in his previous decision where he announced that he had not given Dr. Hatton's opinions "controlling weight" since Hatton had acted as a consultant and not a treating provider to the Plaintiff (R. 16), the ALJ this time found Hatton's opinions deserved "great weight because it was based on a thorough psychological evaluation which included extensive testing and the opinion is consistent with the other psychological evaluations."  *See* R. 230.  In short, Hatton's opinions about the Plaintiff's mental limitations were consistent to those expressed by another consulting psychologist (Dr. Henley) who examined the Plaintiff after the second administrative hearing and specifically addressed the Plaintiff's intellectual abilities (R. 497-503).  Henley's diagnostic impressions were major depressive disorder (recurrent, moderate) and borderline intellectual functioning.  The psychologist also opined in a medical source statement that the Plaintiff had moderate limitations in understanding and remembering

detailed instructions, carrying out detailed instructions, and exercising judgment on simple work-related decisions. These conclusions were supported by a finding that the Plaintiff "has decreased concentration and her ability to process information is compromised. Questions and directions have to be repeated to her and [she functions] at the borderline level of cognitive ability." *See* R. 501. The ALJ, like he did with Hatton's report, assigned "great weight" to these conclusions and recognized these limitations in his decision but he failed to include them in his hypothetical (R. 232). Failing to include these limitations in his hypothetical was error and requires remand for further administrative proceedings.

In light of the remand, only some further comment is warranted about two of the issues the Plaintiff raises. Plaintiff argues the ALJ failed to properly consider the Plaintiff's subjective complaints of pain and failed to give proper weight to the opinions of her treating physicians. Because Plaintiff suffers from fibromyalgia, these two issues are interrelated analytically since the ALJ discounted both sources (the Plaintiff and her physicians) for lack of corresponding objective findings. The ALJ's position, however, fails to take into account the nature of her impairment.

The Eleventh Circuit, in a unreported opinion, *Stewart v. Apfel,* 245 F.3d 793, 2000 U.S. App. Lexis 3321 (December 20, 2000) questioned the ALJ's focus on absence of objective factors of fibromyalgia to deny benefits. The panel observed that "[a]ll medical authorities agree that fibromyalgia is unique and can be extremely difficult to diagnose" and those patients who are symptomatic should be evaluated by a rheumatologist trained in the diagnosis and treatment of the disorder. Moreover, the

Social Security Administration "has acknowledged that the disease is not detectable through diagnostic tests but rather accepted clinical techniques that show the existence of an impairment." *See Sarchet v. Chater,* 78 F.3d 305, 306 (7th Cir. 1996).  Hence, the treating physician's findings in fibromyalgia cases is "even more valuable because there are no objective signs of severity and the physician must interpret the data for the reader." *Stewart* at *9.

Here Plaintiff's treating physician, Dr. McGregor, referred her to a rheumatologist, Dr. Sikes, who diagnosed her with fibromyalgia.  Yet, given the nature of that disorder, and the treating physician's reliance on the specialist, the ALJ discounted the lack of objective findings.  On remand, the ALJ, when evaluating her combined impairments, should evaluate her treating physicians' opinions about her pain and fatigue from fibromyalgia in light of the circuit's position.

*C.  Conclusion*

For the reasons stated, the Commissioner's decision is REVERSED, and the matter REMANDED for further proceedings.  The Clerk shall enter judgment for the Plaintiff in accordance with this order.

DONE AND ORDERED at Tampa, Florida on January 25, 2008.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE